Entered on Docket
June 08, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: June 08, 2011

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                      Case No. 11-40564 EDJ
                                           Chapter 7
HENRY CHEN aka Chien Jung Chen,
and NAILING HUNG CHEN,

                       Debtors./

MEMORANDUM

    John T. Kendall, trustee in bankruptcy ("Kendall"), has objected to certain claims of exemption by Henry Chen and NaiLing Chen, the above debtors (the "Chens"), as to several annuities and life insurance policies. The court will sustain the objections.

    A.   <u>The Annuities</u>

    The three annuities at issue (hereinafter, collectively, the "Annuities") are: (1) a Jackson National Life Perspective II Annuity in the name of Chien-Jung (Henry) Chen, for which the Chens claim an exemption in the sum of $75,493.68, (2) a Jackson National Life Perspective II Annuity in the name of NaiLing Hung Chen, for which the Chens claim an exemption in the sum of $20,098.29, and (3) an

Memorandum

ING GoldenSelect Premium Plus Annuity in the name of Henry Chen, for which the Chens claim an exemption in the sum of $24,445.68.[1]

The Chens claim the annuities as exempt pursuant to the private retirement plan exemption provided by Cal. Civ. Proc. Code § 704.115(a)(1) & (2), and (b).

Cal. Civ. Proc. Code § 704.115(b) provides "All amounts held, controlled, or in the process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt." "Private retirement plan" is defined in Cal. Civ. Proc. Code § 704.115(a) as follows:

>     (a) As used in this section, "private retirement plan" means:
>
>     (1) Private retirement plans, including but not limited to, union retirement plans.
>
>     (2) Profit-sharing plans designed and used for retirement purposes.
>
>     (3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986, as amended, including individual retirement accounts qualified under Section 408 or 408A of that code, to the extent the amounts held in the plans, annuities, or accounts do not exceed the

---

[1] The Chens' Schedule C (Property Claimed as Exempt) describes the Annuities as, respectively, a "Jackson National variable annuities 401(k)", a "Jackson National Life Insurance variable annuity", and an "Annuity IRA." It is clear, however, from the Declaration of Johnson C.W. Lee filed in support of Kendall's objection, which includes copies of the Annuities at issue, that the Annuities at issue are those as described herein notwithstanding the fact that the descriptions in Schedule C differ.

Memorandum  2

maximum amounts exempt from federal income taxes under that code.

The Chens argue, based on certain promotional materials they received in connection with the Annuities that extol the retirement benefits of the Annuities, and their "subjective intent" to use the Annuities for retirement purposes, that the Annuities qualify as "private retirement plans" within the meaning of Cal. Civ. P. Code § 704.115(a).

This argument fails. In <u>In re Lieberman</u>, 245 F.3d 1090, 1091 (9th Cir. 2001), the Ninth Circuit concluded that the "California legislature intended the exemption provided by Cal. Civ. Proc. Code § 704.115(a)(1) to apply to a retirement plan created by a private employer or employee organization, as opposed to an arrangement by an individual to use specified assets for retirement purposes." Similarly, in <u>In re Simpson</u>, 557 F.3d 1010, 1018 (9th Cir. 2008), the Ninth Circuit noted with reference to Cal. Civ. Proc. Code § 704.115(a)(1) that "A survey of recent California Court of Appeal cases construing the statute does not reveal a single instance in which that court has interpreted section 704.115(a)(1) to include independent retirement investments [citations omitted]."

Under these holdings, then, the Chens' subjective intent to use the Annuities for retirement purposes is irrelevant.

Because the Annuities were not created by a private employer of the Chens, or by an employee organization, they cannot be exempt under Cal. Civ. Proc. Code § 704.115(a)(1). And because they are not a profit sharing plan, they cannot be exempt under Cal. Civ.

Memorandum 3

Proc. Code § 704.115(a)(2).

The Chens did not claim the Annuities as exempt pursuant to Cal. Civ. Proc. Code § 704.115(a)(3), nor did they brief the issue of the applicability of that provision to the Annuities. Suffice it to say for present purposes, however, that based on the facts and analysis set forth in the Declaration of Jay D. Crom filed in support of Kendall's objection, the objection will also be sustained with respect to Cal. Civ. Proc. Code § 704.115(a)(3).

B. <u>The Life Insurance Policies</u>

The four life insurance policies at issue (hereinafter, collectively, the "Life Insurance Policies") are unmatured. Kendall believes that the Chens are entitled to borrow against them, subject to certain loan value limitations in the policies. The Life Insurance Policies were issued by New York Life, Transamerica, and Western Reserve Life, which issued two policies for the benefit of, respectively, Andrew Chen and Jennifer Chen.

The Chens claim that the Life Insurance Policies are exempt pursuant to Cal Civ. Proc. Code § 704.100(a), which provides: "Unmatured life insurance policies (including endowment and annuity policies), but not the loan value of such policies, are exempt without making a claim." The parties agree that the maximum aggregate loan value that the Chens may exempt is $22,950.

The Chens state in their reply brief that two of the policies are "essentially" held by them "in trust" for their children. They provide no authority or documentation in support of this contention, and have not disputed that they enjoy, for their own benefit, the

Memorandum 4

loan values of the Life Insurance Policies.  Therefore, the court does not consider such statement to be a valid argument against Kendall's objection to the Chens' claim of exemption as to the Life Insurance Policies, or right to include such policies as part of the bankruptcy estate pursuant to Bankruptcy Code § 541(a)(1).  See In re Woodson, 839 F.2d 610, 617-18 (9th Cir. 1988) (discussing the difference between the rights of an owner of a life insurance policy, which may be included in the owner's bankruptcy estate under Bankruptcy Code § 541(a)(1), and the rights of a beneficiary of a life insurance policy).

The parties are not in full agreement as to the specific loan values of the Life Insurance Policies.  Consequently, the court will issue its order sustaining Kendall's objection to the extent that the loan values of the Life Insurance Policies exceed $22,950, reserving jurisdiction to resolve any disputes in connection therewith.

    C.   Conclusion

The court will sustain Kendall's objections to the Chens' claims of exemption for the Annuities, and claims of exemptions for the Life Insurance Policies to the extent that the loan values thereof exceed $22,950, reserving jurisdiction to resolve any disputes in connection with the loan value issue.

The court requests counsel for Kendall to submit a proposed order within 10 days.

** END OF MEMORANDUM **

Memorandum        5

COURT SERVICE LIST

Johnson C.W. Lee
Stromsheim and Associates
201 California St. #350
San Francisco, CA 94111

Drew Henwood
Law Offices of Drew Henwood
93 Devine St. #100
San Jose, CA 95110-2405

Memorandum 6